UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARNELL D. BROWN,

               Plaintiff,

v.

LOGAN DUSHAN et al.,

               Defendants.

_____/

Case No. 1:24-cv-673

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Christiansen and Roberts on grounds of immunity and failure to state a claim upon which relief may be granted. The Court will also dismiss, on grounds of immunity and failure to state a claim upon which relief may be granted, Plaintiff's claims against Defendant Dushan in his official capacity. Further, the Court will dismiss for failure to state a claim upon which relief may be granted Plaintiff's claims against Defendant Dushan in his individual capacity for malicious

prosecution. With respect to any remaining claims against Defendant Dushan in his individual capacity—specifically, Plaintiff's false arrest claim—the Court will abstain from deciding the claim until Plaintiff's criminal proceedings are complete under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). Because Plaintiff's criminal proceedings are ongoing and Plaintiff seeks damages in this action, the Court will stay further proceedings in this case pending the entry of final judgment in the criminal cases.

<u>Discussion</u>

**I.    Factual Allegations**

Plaintiff is presently detained in the Muskegon County Jail. Plaintiff sues Michigan State Trooper Logan Dushan, Muskegon County Prosecutor Unknown Roberts, and Muskegon County District Court Judge Unknown Christensen.[1] Plaintiff does not specify the capacity in which he is suing the Defendants. The Court will address Plaintiff's claims as if Plaintiff is suing Defendants in their respective individual and official capacities.

Plaintiff is presently charged in two separate criminal proceedings: *State of Mich. v. Brown*, No. 2024-0000002560-FH (Muskegon Cnty. Cir. Ct.) and *State of Michigan v. Brown*, No. 2024-0000002562-FH (Muskegon Cnty Cir. Ct.). In both cases, Plaintiff is charged with domestic violence, third offense in violation of Mich. Comp. Laws § 750.81(5), and he is charged as a third habitual offender, Mich. Comp. Laws § 769.11.

---

[1] Review of Plaintiff's district court cases in Muskegon County reveals that Judge Michael J. Christensen, a retired visiting judge presided over Plaintiff's bond hearing in Case No. 2024-24236517FY-FY,  *see*  https://micourt.courts.michigan.gov/case-search/court/D60  (select Case Number Search tab, enter Year 2024, enter Number 24236517FY, press search, select Case ID 2024-24236517FY-FY) (last visited Oct. 7, 2024); it does not appear that Judge Christensen played any role in the other district court case, *State of Michigan v. Brown*, No. 2024-24236848FY-FY (60th  Dist.  Ct.),  *see*  https://micourt.courts.michigan.gov/case-search/court/D60  (select  Case Number Search tab, enter Year 2024, enter Number 24236848FY, press search, select Case ID 2024-24236848FY-FY, last visited Oct. 7, 2024).

On or about April 20, 2024, Defendant Dushan and another state trooper responded to a domestic violence complaint.[2] They encountered two couples, including Plaintiff and his girlfriend. Plaintiff contends that his girlfriend repeatedly informed the trooper that "nothing happened." Nonetheless, Plaintiff was handcuffed. Defendant Dushan reported that Plaintiff's girlfriend whispered to Dushan that Plaintiff had hit her that night and broken her arm previously. Plaintiff contends that Dushan fabricated the whispered conversation.

It appears Plaintiff was arrested for hitting his girlfriend that night. At the preliminary examination in the district court, the troopers did not appear. Prosecutor Roberts sought an adjournment. Roberts asked Plaintiff to waive the preliminary examination, informing Plaintiff that if he insisted on going forward with the preliminary examination, Roberts would bring additional charges. Plaintiff insisted on the preliminary examination, and Roberts filed new charges relating to the broken arm.

Plaintiff alleges that Defendant Dushan falsely and maliciously arrested him, Defendants Christensen and Roberts retaliated against him, Defendant Roberts maliciously prosecuted Plaintiff, and Defendant Christensen is biased. Plaintiff seeks (i) to invalidate his arrest and detention, (ii) habeas relief, (iii) injunctive relief, and (iv) compensatory damages and declaratory relief.

## II.    Civil Nature of Suit Code

Plaintiff is a pretrial detainee and, thus, he is a "prisoner" as that term is defined in 28 U.S.C. § 1915(h). Additionally, Plaintiff sues government officials, raising claims that relate to his confinement. Accordingly, the Court concludes that this is an "action[] other than mandamus

---

[2] All of Plaintiff's factual allegations are derived from pages 1, 2, 3, and 7 of his complaint. (ECF No. 1, PageID.1–3, 7.)

brought by a prisoner currently in custody. . . [that] relates to his confinement." Civil Nature of

Suit Code Descriptions (Rev. 04/21), Code 540, https://www.uscourts.gov/sites/default/files/

js_044_code_descriptions.pdf (last visited Oct. 7, 2024). Therefore, the Court will direct the Clerk

to classify this case under Nature of Suit Code 540.

**III.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of

prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Immunity

#### 1.    Sovereign Immunity

Plaintiff does not specify the capacity in which he is suing Defendants. Liberally construing Plaintiff's complaint, the Court will address Plaintiff's claims as if he is suing Defendants in their official and individual capacities. Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); s*ee also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165-66.

As a visiting judge, Defendant Christiansen, in his official capacity, represents the 60th District Court. That court is an "arm of the State" protected by Eleventh Amendment sovereign immunity. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760–64 (6th Cir. 2010). That immunity extends to the judges to the extent they are sued in their official capacity for damages or retrospective relief. *Id*.

Similarly, prosecutors sued in their official capacities are also protected by sovereign immunity. Although prosecutors may be elected county officials or employed by the county,

prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges. *Cady v. Arenac Cty.*, 574 F.3d 334, 342–43 (6th Cir. 2009). Therefore, Plaintiff's claims against Defendant Roberts in his official capacity are actually claims against the State of Michigan.

Finally, when Plaintiff sues Defendant Dushan in his official capacity, Plaintiff is suing the Michigan State Police. The Michigan State Police is an agency of the state of Michigan, protected by sovereign immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept.28, 1999); *see also Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (finding the Michigan State Police is an arm of the state of Michigan entitled to Eleventh Amendment immunity); *Jones v. Robinson,* No. 12-12541, 2012 U.S. Dist. LEXIS 113652, at *8, (E.D. Mich. Aug.13, 2012) (finding Michigan State Police Department is a state agency immune from suit under § 1983); *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001) (citing Mich. Comp. Laws § 16.250)) (explaining that the Michigan State Police is a department of the State of Michigan "created by statute," and is thus entitled to Eleventh Amendment immunity), *overruled on other grounds*, *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613 (2002).

Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874,

877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Accordingly, the Court dismisses Plaintiff's claims for damages or any retrospective injunctive or declaratory relief against Defendants in their respective official capacities.

### 2.    Judicial Immunity

Generally, judges are absolutely immune from a suit for monetary damages against them in their individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." (internal quotation marks omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that the decisions to arraign an accused, grant an adjournment, conduct a preliminary

examination, bind the accused over for trial, or determine detention and bond issues were judicial acts and that Judge Christensen was acting within his jurisdiction when deciding those issues. Accordingly, Judge Christensen is absolutely immune from liability for monetary damages.

Plaintiff's requests for prospective injunctive relief, whether sought against Judge Christensen personally, or in his official capacities, are also without merit, but for a different reason. The judge, in his official capacity, is not protected by sovereign immunity against claims for prospective injunctive relief. An official capacity action seeking prospective injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Graham*, 473 U.S. at 167 n.14. Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 114 n.25.

Although the judge is not protected by sovereign immunity, he is protected by § 1983. Under the 1996 amendments to § 1983, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

For all of these reasons, Plaintiff's claims against Judge Christensen for monetary damages or for prospective injunctive relief are properly dismissed.

8

### 3.      Prosecutorial Immunity

Prosecutor Roberts is also entitled to absolute immunity for his actions in prosecuting the criminal actions against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester*, 484 U.S. at 229; *accord Watkins v. Healy*, 986 F.3d 648, 661 (6th Cir. 2021); *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Watkins*, 986 F.3d at 660–61; *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Plaintiff's allegations against Defendant Roberts all focus on the prosecutor's role as an advocate. Therefore, Roberts is entitled to immunity from Plaintiff's damages claims.

### B.      Malicious Prosecution

Although Defendants Christiansen and Roberts enjoy immunity from Plaintiff's claim for malicious prosecution, Defendant Dushan—in his individual capacity—does not. In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of

malicious prosecution arising under the Fourth Amendment, which is cognizable under § 1983. *Id.* at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007)) (assuming, without deciding, that such a claim existed). The *Sykes* court held that, to succeed on a Fourth Amendment malicious prosecution claim, a plaintiff must show that: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308–09; *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes*, 625 F.3d at 308–09); *Gregory v. City of Louisville*, 444 F.3d 725, 727 (6th Cir. 2006).[3] Plaintiff's claim necessarily fails with regard to the fourth element. His criminal proceeding has not been resolved in his favor. That resolution is not final because Plaintiff's criminal proceedings are ongoing; nonetheless, absent resolution in Plaintiff's favor, his present allegations fail to state a claim for malicious prosecution against any Defendant. Accordingly, Plaintiff's malicious prosecution claim against Defendant Dushan is properly dismissed without prejudice.

### C.    *Younger* Abstention

Any determination by this Court that Defendant Dushan had falsely arrested Plaintiff, whether in support of a claim for damages or a claim for injunctive or declaratory relief, would have potential implications for the ongoing criminal proceedings.

Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances

---

[3] Despite its label, a Fourth Amendment claim for malicious prosecution does not require that a Plaintiff demonstrate that the defendant acted with malice. *Sykes*, 625 F.3d at 309–10. In fact, under established Fourth Amendment jurisprudence, a defendant's intent is irrelevant to the analysis, which rests on a determination of reasonableness. *Id.*

are present. *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff challenges the validity of his arrest, preliminary examination, and detention procedures in two ongoing criminal proceedings. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are

pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges.

Plaintiff can challenge the admissibility of evidence that flows from the allegedly unlawful arrest, the determination of probable cause made in the preliminary examination, and the determination to detain Plaintiff, by way of motions in the circuit court or, eventually, appeal. Michigan courts routinely consider such motions. *See, e.g.*, *People v. Franklin*, 894 N.W.2d 561, 574 (Mich. 2017) (affirming trial court's decision to hold an evidentiary hearing to evaluate the validity of a search warrant affidavit, the result of which led to the suppression of evidence and the dismissal of charges against the defendant). Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege bad faith, harassment, a flagrantly unconstitutional statute, or an extraordinarily pressing need for federal relief. Thus, the *Younger* abstention doctrine applies here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review the actions of Defendant Dushan in connection with the criminal proceedings.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. "[T]he United States Supreme Court has held that '[u]nder our precedents, federal courts have the power

to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention"). Here, Plaintiff seeks, among other things, damages; accordingly, the Court will stay Plaintiff's false arrest claims for relief against Defendant Dushan.

### D.    Habeas Relief

Plaintiff specifically requests "habeas relief." (Compl., ECF No. 1, PageID.4.) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983."). The Sixth Circuit recently elaborated on when a prisoner must use habeas corpus under these authorities:

> A clear and consistent two-part rule emerges from this precedential backdrop. Prisoners can "use only habeas corpus" if "they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson* [*v. Dotson*], 544 U.S. [74,] 81, 125 S. Ct. 1242 [(2005)].

*Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024).

In requesting habeas relief, the Court concludes that Plaintiff seeks immediate or speedier release. Thus, under the first part of the *Kitchen* test, he must pursue that relief in a habeas corpus

petition. Plaintiff also seeks damages. That "is not an appropriate or available federal remedy" in a habeas corpus action. *Preiser*, 411 U.S. at 494. Instead, "a damages action by a state prisoner could be brought under the Civil Rights Act . . . ." *Id*. Plaintiff cannot seek both types of relief in one action. Courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (discussing that the reasons for not allowing a prisoner to transform a Section 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of Section 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)).

Therefore, Plaintiff's request for habeas relief in this action is dismissed. Typically, the Court might direct Plaintiff to pursue that relief in a separate habeas petition under 28 U.S.C. § 2254. In Plaintiff's case, however, he has already done so. In *Brown v. Roberts*, No. 1:24-cv-857 (W.D. Mich.), Plaintiff filed a habeas petition. That petition was dismissed for failure to exhaust available state court remedies. Op., Order, & J, *id*. (ECF Nos. 7–9).

## IV.    Plaintiff's Motion for Stay

Plaintiff has moved this Court to stay these proceedings pending completion of his criminal proceedings. (ECF No. 9.) Plaintiff seeks a stay, not because of his ability to raise his issues in the

state court criminal proceedings, but because of fear of retaliation within the criminal proceedings if he continues to pursue his civil remedies. The Court will not grant a stay for the reason advanced by Plaintiff; however, to the extent the relief Plaintiff seeks is consistent with the stay provided because of *Younger* abstention, the Court will grant Plaintiff's motion.

<u>**Conclusion**</u>

The Court will direct the Clerk to classify this case under Nature of Suit Code 540. Having conducted the review required by the PLRA, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court determines that Plaintiff's claims against Defendants Christiansen and Roberts and his official capacity claims against Defendant Dushan will be dismissed on grounds of immunity and for failure to state a claim. Plaintiff's claims for habeas relief will be dismissed because that relief is not available in an action under 42 U.S.C. § 1983. Plaintiff's individual capacity claims against Defendant Dushan for malicious prosecution will be dismissed for failure to state a claim. Under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971), the Court will abstain from consideration of Plaintiff's remaining claims against Defendant Dushan pending the entry of final judgment in Plaintiff's criminal proceedings. The Court will direct the Clerk to stay these proceedings and hold them in abeyance, administratively closing the case, until Plaintiff files a motion to reopen these proceedings within 30 days after entry of final judgment in the criminal case(s). To that extent, Plaintiff's motion for stay will be granted. In all other respects, his motion for stay will be denied.

An Order consistent with this Opinion will be entered.

Dated:      October 11, 2024              /s/ Jane M. Beckering
                                          Jane M. Beckering
                                          United States District Judge