UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARNELL D. BROWN,

        Plaintiff,                       Case No. 1:24-cv-673

v.                                              Honorable Jane M. Beckering

LOGAN DUSHAN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion to lift the stay and reopen these proceedings. (ECF No. 15.)

In Plaintiff's complaint, he sued Michigan State Trooper Logan Dushan, Muskegon County Prosecutor Unknown Roberts, and Muskegon County District Court Judge Unknown Christensen. Plaintiff sued Defendants because of their participation in two criminal cases that proceeded through the Muskegon County District Court and the Muskegon County Circuit Court. The Court previously screened Plaintiff's complaint under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). The Court dismissed all of Plaintiff's claims except one: a false arrest claim against Defendant Dushan. The Court abstained from considering that claim at the time of the entry of the screening opinion under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). With regard to that claim, the Court directed the Clerk to stay these proceedings and hold them in abeyance, administratively closing the case, until Plaintiff filed a

motion to reopen these proceedings within 30 days after entry of final judgment in the criminal case(s).

Plaintiff filed a request for leave to amend his complaint in December, and that motion was rejected. However, in that motion, Plaintiff indicated that his state case was complete. Plaintiff objected to the rejection of his motion. The Court construes Plaintiff's objection as a motion to lift the stay and reopen these proceedings.

I.     **Factual Background and Relevant Procedural History**

On or about April 20, 2024, Defendant Dushan and another state trooper responded to a domestic violence complaint. They encountered two couples, including Plaintiff and his girlfriend. Plaintiff alleged that his girlfriend repeatedly informed the trooper that "nothing happened." (Compl., ECF No. 1, PageID.1.) Defendant Dushan, however, reported that Plaintiff's girlfriend whispered to Dushan that Plaintiff had punched her in the lip that night and broken her arm the week before. (Police Report, ECF No. 1, PageID.3.) Dushan arrested Plaintiff. (Compl., ECF No. 1, PageID.7.)

Plaintiff was charged with domestic violence-third offense for punching the victim in the face on the night Plaintiff was arrested. (*Id.*, PageID.5); *see also* Case Details, *State of Michigan v. Brown*, No. 2024-24236517FY-FYCase No. 2024-24236517FY-FY (60th Dist. Ct.), https://micourt.courts.michigan.gov/case-search/court/D60 (select Case Number Search tab, enter Year 2024, enter Number 24236517FY, press search, select Case ID 2024-24236517FY-FY) (last visited Jan. 18, 2025). Defendant Roberts advised Plaintiff that if he waived the preliminary examination, Roberts would drop the habitual offender charge and not pursue other charges against Plaintiff. Plaintiff insisted on the preliminary examination. Defendant Roberts filed charges relating to the broken arm on May 8, 2024. See Case Details, *State of Michigan v. Brown*, No. 2024-24236848FY-FY (60th Dist. Ct.), https://micourt.courts.michigan.gov/case-search/

court/D60 (select Case Number Search tab, enter Year 2024, enter Number 24236848FY, press search, select Case ID 2024-24236848FY-FY) (last visited Jan. 18, 2025).

The preliminary examination for both cases occurred on May 29, 2024. Both cases were bound over to the Muskegon County Circuit Court. *State of Mich. v. Brown*, No. 2024-0000002560-FH (Muskegon Cnty. Cir. Ct.) (the punch) and *State of Michigan v. Brown*, No. 2024-0000002562-FH (Muskegon Cnty Cir. Ct.) (the broken arm). Plaintiff pleaded guilty in the "broken arm" case on November 14, 2024; the "punch" case was dismissed that same day. *See* Case Details, *State of Mich. v. Brown*, No. 2024-0000002562-FH (Muskegon Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C14 (select Case Number Search tab, enter Year 2024, enter Number 0000002562, press search, select Case ID 2024-0000002562-FH) last visited Jan. 18, 2025); *State of Mich. v. Brown*, No. 2024-0000002560-FH (Muskegon Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C14 (select Case Number Search tab, enter Year 2024, enter Number 0000002560, press search, select Case ID 2024-0000002560-FH) (last visited Jan. 18, 2025).

Plaintiff returned to this Court within 30 days and filed his motion to amend. When that pleading was rejected, Plaintiff filed the objection now before the Court. Plaintiff contends that, now that the "punch" case has been dismissed, it is apparent that Defendant Dushan did not have probable cause to arrest Plaintiff.

## II.    Lift Stay and Reopen

When the Court abstained from resolving Plaintiff's false arrest claim against Defendant Dushan, the Court specified the circumstances that would permit Plaintiff to reopen this matter. The Court advised Plaintiff to file a motion to reopen these proceedings within 30 days after entry of final judgment in his criminal proceedings. (Order, ECF No. 13, PageID.38.) Plaintiff has substantially complied with that requirement. Therefore, the Court will lift the stay and direct the

Clerk to reopen these proceedings. Accordingly, Plaintiff's objection, construed as a motion to lift the stay and reopen these proceedings, will be granted.

### III.  Failure to State a Claim

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The only claim that remains is Plaintiff's claim of false arrest against Defendant Dushan. Such a claim arises under the Fourth Amendment. *Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020). "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (internal quotation marks and citation omitted). "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *Id*. at 306 (internal quotation marks and citations omitted).

Plaintiff explains that his state case—the "punch" case—was dismissed on November 14, 2024. (ECF No. 15, PageID.45.) The necessary implication of Plaintiff's explanation is that he was only arrested for punching the victim on April 20, 2024. Plaintiff's narrow focus borders on disingenuity. The arresting officer's police report, which Plaintiff includes as part of his complaint, notes that the victim reported not only that Plaintiff had punched her that night but also that Plaintiff had broken her arm the week before. (ECF No. 1, PageID.3.) The "broken arm" case was

5

not dismissed. To the contrary, Plaintiff entered a guilty plea to that offense and he was sentenced to time served on January 13, 2025.

Critically, "[w]hen there are multiple possible charges against an individual, their arrest is valid if the facts known to the officers can support probable cause for *any* charge. *Griesmar v. City of Stow, Ohio*, No. 22-3151, 2022 WL 17581658, at *5 (6th Cir. Dec. 12, 2022) (citing *Howse*, 953 F.3d at 409; *Devenpeck v. Alford*, 543 U.S. 146, 153–55 (2004)). Although the dismissal of the "punch" case does not foreclose a determination that Defendant Dushan had probable cause to arrest Plaintiff, even for the punch, Plaintiff's guilty plea in the "broken arm" case certainly undercuts Plaintiff's contention that Defendant Dushan did not have probable cause to arrest Plaintiff.

Moreover, in both of Plaintiff's criminal cases, Plaintiff contested the issue of probable cause at his preliminary examination hearing. The Sixth Circuit has concluded that the state court's determination of probable cause after a plaintiff's "full and fair opportunity to litigate [the] issue" collaterally estopped the plaintiff from challenging the existence of probable cause in a subsequent § 1983 action. *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001);[1] *see also Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998) (citing *Coogan*); *Autrey v. Stair*, 512 F. App'x 572, 581–83 (6th Cir. 2013 ) (citing *Coogan*); *Flowers v. Cit of Detroit*, 306 F. App'x 984, 988 (6th Cir. 2009) (citing *Coogan*).

---

[1] In *Bradley v. Reno*, 749 F.3d 553 (6th Cir. 2014), the Sixth Circuit called into question whether the *Coogan* rationale is persuasive where, because the criminal defendant is acquitted or because the case is otherwise dismissed, the probable cause determination is effectively an "unreviewable finding." *Id*. at 556. That does not mean *Coogan* is not persuasive here in the unusual circumstance where Plaintiff admits he broke the victim's arm yet, apparently, insists that the victim did not tell the police that Plaintiff broke her arm on the night he was arrested.

Finally, the Sixth Circuit Court of Appeals has concluded:

> that the proper accommodation between the individual's interest in preventing unwarranted intrusions into his liberty and society's interest in encouraging the apprehension of criminals requires that § 1983 doctrine be deemed, in the absence of any indication that Congress intended otherwise, to incorporate the common-law principle that, where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause.

*Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1988) (quoting *Cameron v. Fogarty*, 806 F.2d 380 (2d Cir. 1986), *cert. denied*, 481 U.S. 1016 (1987)). Recently, in *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1014–15 (6th Cir. 2024), the Sixth Circuit relied on *Walker* to conclude that the trial court properly dismissed Saalim's false arrest claim because his "no contest" plea to disorderly conduct barred the false arrest claim. *See also Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) (concluding that "Plaintiffs are estopped by their pleas in state court from now challenging the reasonableness of their arrest in the instant § 1983 action"); *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 378 (6th Cir. 2006) (explaining that "Fox is estopped . . . from arguing that his arrest was made without probable cause because he pled guilty to the resulting offenses"); *Cunningham v. Sisk*, 136 F. App'x 771, 774 (6th Cir. 2005) (acknowledging that "Cunningham's guilty plea and conviction as to the speeding charge forecloses any claim that the police acted without probable cause"); *Zawada v. Hogan*, No. 21-2932, 2022 WL 19037651, at *3 (6th Cir. Nov. 3, 2022) (noting that "Zawada ultimately pleaded no contest . . . which precludes Zawada from challenging probable cause").

For all of these reasons, the Court concludes that Plaintiff has failed to allege facts that support an inference that Defendant Dushan lacked probable cause to arrest Plaintiff. Accordingly, Plaintiff has failed to state a false arrest claim upon which relief can be granted.

**Conclusion**

The Court will grant Plaintiff's motion to lift the stay and reopen these proceedings. (ECF No. 15.) Having conducted the review required by the PLRA, the Court determines that Plaintiff's only remaining claim will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff has failed to state a viable false arrest claim, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

An Order and Judgment consistent with this Opinion will be entered.

Dated:   February 13, 2025                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge